# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HUGO MARTINEZ, | CASE NO. 1:12-cv-01301-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| C. LAWLESS, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

## First Screening Order

### I.   Screening Requirement and Standard

Plaintiff Victor Hugo Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

6  conclusions are not.  Iqbal, 556 U.S. at 678.

7         Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt

8  resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler,

9  627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive

10 screening, which requires sufficient factual detail to allow the Court to reasonably infer that each

11 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks

12 omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that

13 a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

14 satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572

15 F.3d at 969.

16 **II.    Discussion**

17        **A.    Allegations**

18        Plaintiff, who is incarcerated at Kern Valley State Prison (KVSP), brings this action against

19 Chief Deputy Warden C. Lawless; Associate Warden M. Biter; Facility Captain John Doe;

20 Lieutenant R. Harden; Sergeant R. Molina; Special Agents M. Moses, S. Herrera, C. E. Chamberlin,

21 and Montecino; Correctional Officer Trullinger; and Registered Nurses Davis and Guitron for

22 violation of his rights under the United States Constitution.

23        Plaintiff's claims arise from events which commenced on January 1, 2011, at KVSP.

24 Plaintiff jammed the door to his cell due to increased violence and racial tension on the yard, which

25 prevented it from being opened by prison officials.  Defendant Trullinger was able to open the door

26 a crack and Defendant Herrera then attempted to force it open.  Plaintiff approached the cell door

27 to remove the jamming device and, through the crack in the door, Defendant Morse sprayed Plaintiff

28 in the eyes and face with pepper spray, which immediately temporarily blinded Plaintiff.  Plaintiff

was then pulled out and thrown on the floor, face down, at which time he was punched, kicked, kneed, pounced on, and called names for approximately ten minutes.  During the incident, Plaintiff felt a sharp pain in the back of his head.

Plaintiff was subsequently taken to be decontaminated, and he learned his clothes were soaked with blood and he had a gash in the back of his head.  Plaintiff tried to explain to Defendant Guitron, a registered nurse, how his injuries occurred, but Guitron just walked away and failed to properly take notes or document Plaintiff's injuries.  Defendants Molina and Herrera were present, and they claimed that Plaintiff's injuries were caused by his resistance and they instructed Defendant Guitron on how to fill out the report.

Plaintiff was taken to the CTC (Central Treatment Center), where he was seen by a licensed vocational nurse (LVN).  That LVN walked out when Plaintiff explained what happened and another LVN came in.  Plaintiff alleges that neither LVN documented the shortness of breath and chest pains of which he complained.

During an interview with Defendant Molina and Sergeant Sell, Plaintiff complained about the use of force, but the interview was cut short when Plaintiff demanded to know who had used the force on him and why.  Plaintiff raised the same issues during his 114 hearing (administrative segregation lock-up hearing), but he did not get any answers and no investigation was conducted.

Plaintiff alleges excessive force, the failure to protect him, and deliberate indifference, in violation of the Eighth Amendment (claim one); retaliation and intimidation, in violation of the First Amendment (claim two); and the denial of due process and the fabrication of reports, in violation of the Due Process Clause of the Fourteenth Amendment (claim three).

**B.**     **Claims**

        **1.**     **Eighth Amendment**

                **a.**     **Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

1   sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, __, 130 S.Ct. 1175, 1178 (2010) (per

2   curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705

3   F.3d 1021, __, No. 10-15961, 2013 WL 174382, at *6 (9th Cir. Jan. 17, 2013).  The objective

4   component of an Eighth Amendment claim is contextual and responsive to contemporary standards

5   of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis

6   uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm

7   always violates contemporary standards of decency, regardless of whether or not significant injury

8   is evident, Wilkins, 559 U.S. at __, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation

9   marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

10      The Eighth Amendment prohibits the excessive use of pepper spray and/or the use of pepper

11   spray for the sole purpose of inflicting pain, Furnace, 705 F.3d at __, 2013 WL 174382, at *5 (citing

12   Williams v. Benjamin, 77 F3d. 756, 763 (4th Cir. 1996)) (quotation marks omitted), but here, the

13   initial use of pepper spray is not what gives rise to Plaintiff's viable excessive force claim.  Plaintiff

14   jammed his cell door with a homemade locking device, which prevented prison officials from

15   opening the door, and the officials in question were Institutional Gang Investigators.  No argument

16   can be made that prisoners have the right to jam their cell doors or that jamming their doors is a

17   benign act which does not threaten institutional safety and security.  Although Plaintiff alleges that

18   he was pepper sprayed as he approached his door to remove the jamming device, the complaint is

19   silent with respect to what was being said and in particular, what orders Plaintiff had been given.

20   While Plaintiff may have been moving forward to remove the device, as he alleges, the

21   circumstances described do not support a reasonable inference that prison officials were aware of

22   his intent or had reason to trust his actions and pepper sprayed him maliciously and sadistically for

23   the very purpose of causing harm.

24      However, once Plaintiff was extracted from his cell and lying face down on the ground,

25   subdued by the pepper spray, he was beaten for ten minutes.  This is sufficient to state a claim for

26   use of excessive force, although Plaintiff will face the task of identifying the defendants responsible

27   for participating in the incident.  Wilkins, 559 U.S. at __, 130 S.Ct. at 1178; Oliver, 289 F.3d at 628.

28   Section 1983 requires the identification, even if through the use of Doe defendants, of those involved

4

in the violation at issue. <u>Iqbal</u>, 556 U.S. at 676-77; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The Court will provide Plaintiff with the opportunity to file an amended complaint identifying those involved by name or as Does.

### b. **Failure to Protect**

Plaintiff next alleges that prison officials failed to protect him. Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). The failure of prison officials to protect inmates from harm may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the inmate. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).

While the event at issue gives rise to an excessive force claim, Plaintiff's complaint contains no facts which would support a claim that prison officials knowingly disregarded a substantial risk of harm to his health or safety.

### c. **Medical**

The Eighth Amendment also entitles Plaintiff to medical care, but it is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012); <u>Wilhelm</u>, 680 F.3d at 1122; <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff's allegations that medical staff failed to properly document his injuries, his shortness of breath and chest pain, and/or how his injuries occurred do not support a claim. There is no indication that Plaintiff suffered any harm as a result of inadequate medical care, <u>Wilhelm</u>, 680 F.3d at 1122, and ordinary lack of due care by staff does not suffice to support a claim. <u>Snow</u>, 681 F.3d at 985.

### 2. **Retaliation**

Although Plaintiff alleges he was retaliated against, his complaint is devoid of any facts supporting a claim that adverse action was taken against him because of his engagement in an activity protected by the First Amendment. <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir.

1   2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559,

2   567-68 (9th Cir. 2005).  Further, the allegation of an unspecified act of "intimidation" does not

3   support a claim.  (Comp., p. 8.)

4               **3.    Due Process**

5          Finally, Plaintiff alleges he was denied due process and reports were fabricated.

6          The Due Process Clause protects Plaintiff against the deprivation of liberty without the

7   procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209,

8   221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.

9   Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state

10  law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more

11  adverse conditions of confinement, and under state law, the existence of a liberty interest created by

12  prison regulations is determined by focusing on the nature of the condition of confinement at issue,

13  id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation

14  marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from

15  restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary

16  incidents of prison life.  Wilkinson, 545 U.S. at 221(citing Sandin, 515 U.S. at 484) (quotation marks

17  omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

18         Here, Plaintiff fails to allege any facts demonstrating the existence of a protected liberty

19  interest.  It appears from Plaintiff's exhibits that he was placed in administrative segregation, but

20  Plaintiff does not have any general right to be free from administrative segregation, Richardson v.

21  Runnels, 594 F.3d 666, 672-73 (9th Cir. 2010); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997),

22  and even assuming arguendo the existence of protected liberty interest, Plaintiff was entitled only

23  to notice and an opportunity to be heard, procedural protections which were provided, Toussaint v.

24  McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  With respect to Plaintiff's conclusory assertion

25  of fabricated reports, a general right to accurate prison records grounded in the Due Process Clause

26  has not been recognized, Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987), and Plaintiff's

27  complaint contains no facts supporting the existence of a state-created right, Wilkinson, 545 U.S.

28  at 221.  For these reasons, Plaintiff fails to state a claim for denial of due process.

1    **III.    Conclusion and Order**

2        Plaintiff's complaint states a cognizable excessive force claim, although Plaintiff fails to link

3    anyone to the claim, which is necessary under section 1983.[1]  Plaintiff's complaint does not state any

4    other claims, however.  The Court will provide Plaintiff with the opportunity to file an amended

5    complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122,

6    1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

7    change the nature of this suit by adding new, unrelated claims in his amended complaint.  George

8    v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

9        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

10   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, and liability

11   may not be imposed on supervisory personnel under the theory of *respondeat superior*.  Iqbal, 556

12   U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

13   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

14   above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

15       Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County,

16   693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference

17   to the prior or superceded pleading," Local Rule 220.

18       Accordingly, it is HEREBY ORDERED that:

19       1.    Plaintiff's complaint is dismissed, with leave to amend;

20       2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

21       3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

22            amended complaint; and

23   ///

24   ///

25   ///

26

27        [1] As previously explained, it is the beating rather than the use of pepper spray which gives rise to the claim
28   and although Plaintiff identified the official who applied the pepper spray, he did not identify any participants in the
     beating.

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:    March 12, 2013**                         /s/ **Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE