# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HUGO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. LAWLESS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:12-cv-01301-LJO-SKO (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING SECOND EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 40)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Victor Hugo Martinez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2012. This action for damages is proceeding against Defendants Morse, Herrera, Chamberlin, and Molina ("Defendants") for failing to protect Plaintiff and for using excessive force, in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution.

On April 6, 2015, Defendants filed a motion for summary judgment. After Plaintiff failed to file a response, the Court ordered him to file his opposition or statement of non-opposition within twenty-one days. On July 14, 2015, the Court granted Plaintiff's motion for a forty-five day extension of time to file a response. On August 17, 2015, Plaintiff filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353

(9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, as resolution of cases such as this rest largely on witness credibility, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not. This is not a complex case, legally, and Plaintiff's representation that he needs counsel to assist him with discovery lacks merit given that the deadline for the completion of all discovery was December 17, 2014.

///
///
///
///
///

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED. In light of this order, the Court *sua sponte* GRANTS Plaintiff an additional **thirty (30) days** to file his response to Defendants' motion.

IT IS SO ORDERED.

Dated: __**August 20, 2015**__                    __/s/ Sheila K. Oberto__
                                                  UNITED STATES MAGISTRATE JUDGE