1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HUGO MARTINEZ, | Case No. 1:12-cv-01301-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER |
| v. | DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITH PREJUDICE, AND |
| C. LAWLESS, et al., | REQUIRING PLAINTIFF TO RESPOND TO SUMMARY JUDGMENT MOTION WITHIN |
| Defendants. | THIRTY DAYS |
| | (Doc. 45) |

10
11
12
13
14
15
16

17 **I.    Procedural Background**

18          Plaintiff Victor Hugo Martinez, a state prisoner proceeding pro se and in forma pauperis,

19 filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2012.  This action is

20 proceeding against Defendants Morse, Herrera, Chamberlin, and Molina for violating Plaintiff's

21 rights under the Eighth Amendment of the United States Constitution.  Plaintiff is pursuing claims

22 for excessive force and for failure to protect him from harm, arising out of an event at Kern Valley

23 State Prison on January 6, 2011, during which Plaintiff was pepper sprayed and allegedly beaten.

24          On August 20, 2015, the Magistrate Judge denied Plaintiff's motion for the appointment of

25 counsel, and on September 28, 2015, Plaintiff filed a motion for reconsideration.

26 **II.    Legal Standard**

27          Reconsideration motions are committed to the discretion of the trial court.  *Rodgers v.*

28 *Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437,

1   441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly

2   convincing nature to induce the court to reverse a prior decision.  *See e.g., Kern-Tulare Water*

3   *Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part*

4   *on other grounds*, 828 F.2d 514 (9th Cir. 1987).

5          This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly

6   erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.

7   72(a).  As such, the court may only set aside those portions of a Magistrate Judge's order that are

8   either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also Grimes v. City and*

9   *County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-

10  dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

11         A magistrate judge's factual findings are "clearly erroneous" when the district court is left

12  with the definite and firm conviction that a mistake has been committed.  *Security Farms v.*

13  *International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D.

14  485, 489 (C.D. Cal. 2003).   The "'clearly erroneous' standard is significantly deferential."

15  *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for*

16  *Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

17         The "contrary to law" standard allows independent, plenary review of purely legal

18  determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd

19  Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir.

20  2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law,

21  or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.

22  Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles*

23  *v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570

24  F.Supp. 202, 205 (N.D. Cal. 1983).

25         "Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo

26  determination. . . ."  *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.

27  1981). "The reviewing court may not simply substitute its judgment for that of the deciding court."

28  *Grimes*, 951 F.2d at 241; *see Phoenix Engineering  & Supply v. Universal Elec.*, 104 F.3d 1137,

1 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district

2 court is able to overturn a magistrate judge's ruling "'only if the district court is left with the

3 definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v.*

4 *Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy*

5 *Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration

6 are disfavored, however, and are not the place for parties to make new arguments not raised in

7 their original briefs." *Hendon v. Baroya*, 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing

8 *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v.*

9 *Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

10 **III.** **Discussion and Order**

11      Plaintiff's mere disagreement with the Magistrate Judge's order is not grounds for

12 reconsideration. The Magistrate Judge addressed Plaintiff's motion for the appointment of

13 counsel under the applicable "extraordinary circumstances" test, and her ruling was neither clearly

14 erroneous nor contrary to law. Plaintiff again raises his desire for further discovery in support of

15 his request for counsel, but in addition to its lacking as a substantive basis for the appointment of

16 counsel, the argument lacks procedural merit given that, as Plaintiff was informed by the

17 Magistrate Judge, the discovery deadline expired on December 15, 2014. Fed. R. Civ. P. 16(b);

18 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is

19 not a frivolous piece of paper, idly entered. . . .") (internal quotation marks and citation omitted).

20 A pro se litigant's desire to litigate more effectively or efficiently is not grounds for the

21 appointment of counsel, and Plaintiff's motion for reconsideration in fact supports the Magistrate

22 Judge's determination that Plaintiff is able to adequate articulate his claims. 28 U.S.C. §

23 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn v. Escalderon*, 789 F.2d

24 1328, 1331 (9th Cir. 1986); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

25      At this juncture, Defendants' motion for summary judgment has been pending almost six

26 months. Plaintiff's legal claims arise from an incident of physical force on January 6, 2011, and

27 Defendants are only moving for partial summary judgment based on lack of involvement.

28 Specifically, Defendants Morse and Herrera do not dispute using force against Plaintiff, and they

do not dispute the existence of triable issues of fact as to the excessive force claim against them. Defendants Molina and Chamberlin, on the other hand, deny using any physical force and they are seeking judgment in their favor on the excessive force claim, but they do not dispute the existence of triable issues of fact as to Plaintiff's claim that they failed to protect him from harm at the hands of Morse and Herrera.  Finally, Defendants Morse and Herrera are moving for judgment on the failure to protect claim against them on the grounds that while they used force against Plaintiff, Defendants Molina and Chamberlin did not and therefore, they did not fail to protect Plaintiff from harm at the hands of Molina and Chamberlin.

In as much as Plaintiff was necessarily present for the events at issue, he possesses personal knowledge of the facts at issue, and he has had ample time to draft and file his response to Defendants' partial motion for summary judgment.  Plaintiff failed to respond to the motion after it was filed in April 2015, and he was ordered to do so almost two months later.  Since being ordered to respond by the Court, Plaintiff has elected to focus some of his time on legal filings other than his response, such as the instant motion for reconsideration.  Plaintiff shall have thirty more days to file his response to Defendants' motion, but <u>no further extensions of time will be granted</u>.  If Plaintiff fails to file his response within the time allotted, the motion will be submitted on the record and this case will be set for trial following resolution of Defendant's partial motion for summary judgment.  Local Rule 230(*l*).

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion for reconsideration is DENIED, with prejudice;

2.    Plaintiff has **thirty (30) days** from the date of service of this order within which to file his response to Defendants' partial motion for summary judgment; and

///

///

///

///

///

///

4

3. **No further extensions of time will be granted and if Plaintiff fails to file a response to the motion, it will be submitted on the record pursuant to Local Rule 230(*l*).**

IT IS SO ORDERED.

Dated:    **September 29, 2015**      /s/ **Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE