# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HUGO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. LAWLESS, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01301-LJO-SKO (PC)<br><br>ORDER DENYING RULE 56(D) MOTION AND REQUIRING PLAINTIFF TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT WITHIN TWENTY-ONE DAYS<br><br>(Docs. 47-49) |

## I. Procedural Background

Plaintiff Victor Hugo Martinez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2012. This action is proceeding against Defendants Morse, Herrera, Chamberlin, and Molina ("Defendants") for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution. Plaintiff alleges that he was beaten and sprayed with pepper spray on January 6, 2011, at Kern Valley State Prison, without justification. Plaintiff also alleges that the involved officers failed to protect him from the physical harm.

On April 6, 2015, Defendants filed a motion for partial summary judgment. Fed. R. Civ. P. 56. Plaintiff was first ordered to file an opposition or a statement of non-opposition to the motion on June 15, 2015. On September 29, 2015, after Plaintiff had twice been granted extensions of time to file his response to the motion, the Court ordered Plaintiff to file a response

1  within thirty days. Plaintiff was warned that no further extensions of time would be granted and if
2  he failed to respond to the motion, it would be deemed submitted. Local Rule 230(*l*).
3    On November 16, 2015, Plaintiff filed a notice stating that he mailed a response and
4  request for a continuance pursuant to Rule 56(d) on October 25, 2015. Fed. R. Civ. P. 56(d). The
5  filing was returned to him on November 9, 2015, due to an error he attributes to the law librarian,
6  and he re-sent the filing. On November 23, 2015, the Court received and filed Plaintiff's request
7  for a denial or continuance pursuant to Rule 56(d) and a supporting declaration. Defendants did
8  not file a response. Local Rule 230(*l*).
9  **II.   Discussion**
10   Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for
11  specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer
12  considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take
13  discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). However, the deadline
14  for the completion of all discovery was December 17, 2014. (Doc. 28.) Given that the discovery
15  deadline expired more than one year ago, consideration of Plaintiff's Rule 56(d) motion on the
16  merits would require him, as an initial matter, to show good cause to modify the scheduling order
17  and reopen discovery. Fed. R. Civ. P. 16(b)(4).
18   Modification of the pretrial scheduling order requires a showing of good cause. *Id.* "A
19  scheduling order is not a frivolous piece of paper, idly entered," *Johnson v. Mammoth*
20  *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation
21  omitted), and "[t]he schedule may [only] be modified 'if it cannot reasonably be met despite the
22  diligence of the party seeking the extension,'" *Zivkovic v. Southern California Edison Co.*, 302
23  F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). "Although the existence or
24  degree of prejudice to the party opposing the modification might supply additional reasons to deny
25  a motion, the focus of the inquiry is upon the moving party's reasons for seeking the
26  modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent,
27  the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at
28  1087 (quoting *Johnson*, 975 F.2d at 609). In this case, there has been no showing of due diligence

and therefore, Plaintiff is not entitled to a modification of the scheduling order to reopen discovery. As a result, Plaintiff may not rely on Rule 56(d) as a means to relieve him from having to respond to Defendants' motion.

### III. Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's Rule 56(d) motion is DENIED, with prejudice;
2. Given the leniency which must be afforded pro se litigants and the adverse resolution of Plaintiff's pending Rule 56(d) motion, Plaintiff has **twenty-one (21) days** to file a response to Defendants' motion for summary judgment; and
3. Defendants' motion for summary judgment will be submitted on the record pursuant to Local Rule 230(*l*) within twenty-one days or upon receipt of Plaintiff's response, whichever occurs earlier.

IT IS SO ORDERED.

Dated:   **December 24, 2015**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

3